## 2005 VT 82

### EARTH CONSTRUCTION, INC. v. STATE OF VERMONT AGENCY OF TRANSPORTATION and Patrick Garahan

[882 A.2d 1172]

No. 05-011

¶ 1. July 26, 2005. Plaintiff Earth Construction, Inc. appeals, following our decision and remand to the superior court to consider whether plaintiff had any claims remaining that lay outside the boundaries of the Transportation Board's jurisdiction. We previously ruled that plaintiff was precluded from relitigating any claims that were within the Board's jurisdiction because plaintiff failed to properly appeal from the Board's final order disposing of those claims. After reviewing the statute that delineates the scope of the Board's jurisdiction, and carefully considering plaintiff's complaint, the superior court held that, even under the liberal notice pleading standards of Vermont Rule of Civil Procedure 8, plaintiff had failed to set forth facts and law that would support any legal claims outside the Transportation Board's jurisdiction. Therefore, it dismissed the complaint on a motion for judgment on the pleadings pursuant to Rule 12(c). We affirm.

¶ 2. Plaintiff began adversarial administrative, and then legal, proceedings against the Agency of Transportation and various Agency employees after the termination of four road construction contracts plaintiff had with the Agency. Plaintiff's administrative action culminated in an August 28, 1997 letter from the Transportation Board, informing plaintiff that, among other reasons, it would not consider his claims alleging breach of contract because the Board considered such claims beyond its jurisdiction. Accordingly, the Board refused to hold a hearing or take further action on plaintiff's claims. Sixteen months later, plaintiff filed a complaint seeking damages from the Agency for a variety of ill-defined wrongs stemming from the termination of plaintiff's contracts. The complaint also asserted that the Board erred by refusing to hear plaintiff's grievances. The superior court dismissed the complaint, ruling that it was essentially an appeal from the Board's decision, and as such was not filed within the jurisdictional thirty-day time limit required by Vermont Rules of Civil Procedure 74 and 75.

¶ 3. In *Earth Construction, Inc. v. State*, No. 2001-237 (Vt. Mar. 13, 2002), a three-justice panel of this Court heard plaintiff's appeal from the superior court's dismissal of the complaint. We held, among other things, that plaintiff is precluded from challenging the Board's adverse determinations of his claims because plaintiff failed to timely appeal the Board's decision pursuant to Rule 74.* *Id.* at 3. Thus, even though the Board declined jurisdiction over some of plaintiff's claims, we held that they would be precluded even if the Board erred in assessing the limits of its jurisdiction. In so doing, we recognized the possibility that plaintiff could still assert other claims as part of an original complaint in superior court, assuming that they are determined to be outside the scope of the Board's authority and within the applica-

_____

* On appeal, we ruled that the superior court erred by concluding that plaintiff should have taken its appeal pursuant to Rule 75. *Earth Construction, Inc. v. State*, No. 2001-237, slip op. at 3 (Vt. Mar. 13, 2002). Under 19 V.S.A. § 5(c), on-the-record review of the Board's final orders is available in superior court pursuant to V.R.C.P. 74.

ble statute of limitations. We remanded the case with instructions that the superior court determine which, if any, of the claims plaintiff asserted were outside the scope of the Board's jurisdiction. As to those claims, the court was then required to test their viability under the generally applicable pleading standards contained in the Vermont Rules of Civil Procedure.

¶ 4. On remand, the superior court correctly observed that plaintiff's central "claims are fundamentally and essentially derived from four highway construction contracts that it believes were unlawfully breached by the Agency." The court then concluded that claims for breach of contract were within the Board's appellate adjudicative authority, and were, therefore, precluded for the reasons set forth in our prior three-justice panel opinion. We affirm the court's conclusion on this issue.

¶ 5. The Transportation Board is a creature of statute, and as such its jurisdiction is limited to the powers and duties conferred by the Legislature in 19 V.S.A. § 5, the Board's enabling statute. See *In re Danforth*, 174 Vt. 231, 236, 812 A.2d 845, 849 (2002) (recognizing that jurisdiction of public administrative body is "exclusively conferred" by statute). When interpreting statutes, the Court's task is to effectuate the express intent of the Legislature as evidenced by the "plain, ordinary meaning of the language" used. *Barnet Hydro Co. v. Pub. Serv. Bd.*, 174 Vt. 464, 466, 807 A.2d 347, 349 (2002) (mem.) (quotations omitted). We will not look beyond the plain meaning of the statutory language when that language is clear and unambiguous. *Town of Bridgewater v. Dep't of Taxes*, 173 Vt. 509, 510, 787 A.2d 1234, 1236 (2001) (mem.). Moreover, when a statute creates administrative remedies, a party must exhaust all of these before turning to the courts for relief. *Id.*

¶ 6. The statute that created the Transportation Board states that "[t]he regulatory and *quasi-judicial* functions relating to transportation shall be vested in the transportation board." 19 V.S.A. § 5(a) (emphasis added). This case focuses on the breadth of the statutory delegation to provide appellate review regarding "legal disputes in the execution of contracts." In its August 28, 1997 letter to plaintiff denying appellate review of certain claims, the Board took a narrow view of this authority, reasoning that "[w]hile the Board has addressed appeals concerning disagreements and interpretations of contract documents, issues such as breach of contract, [and] wrongful termination ... are areas of legal complexity more appropriately handled by the judicial system." After reviewing the statute, the superior court concluded, as do we, that the Board's appellate jurisdiction unquestionably extends to breach of contract cases involving the Agency's transportation decisions.

¶ 7. Although the Board felt that a potentially complex issue such as breach of contract is more appropriately handled by the judiciary, we note that the Legislature demonstrated significant confidence in the Board's ability to function like a court when dealing with a variety of other complicated matters. Among the wide-ranging judicial functions delegated to the Board are the powers to make findings of fact, *id.* § 5(c); to hear and determine certain small claims, *id.* § 5(d)(2); to provide appellate review of Agency decisions in several types of cases, *id.* § 5(d)(3)-(6); and to render judgments, make orders and decrees, and issue subpoenas for the production of witnesses or evidence, in all cases over which the statute provides jurisdiction, *id.* § 5(f).

¶ 8. Considering the breadth of this delegated quasi-judicial authority, we conclude that the unambiguous language providing for appellate jurisdiction over "legal disputes in the execution of con-

tracts" encompasses disputes involving breach of contract. As a matter of experience, the trial court is correct in its assessment that breach of contract is likely the most common "legal dispute" to arise in the execution of contracts. The Legislature chose to broadly describe the Board's appellate jurisdiction without specifying a limit on the types of contract issues the Board could address. It would, therefore, be inconsistent to except breach of contract questions from the Board's appellate jurisdiction without an express limitation in the statute.

¶ 9. Moreover, questions of breach ordinarily entail interpretation of contract terms — a task that the Board acknowledged to be within its competence. Where the Board has historically exercised authority to resolve questions integral to the breach of contract determination, and in the absence of restrictive statutory language, we can safely conclude that the Legislature granted the Board authority to reach the ultimate question of whether a breach of contract occurred. This conclusion is bolstered by the fact that the Board's substantive jurisdiction under § 5 is limited to contract disputes arising in the specialized field of transportation — a field in which the Transportation Board presumably possesses expertise in assessing standards of contract performance that are often implicated in legal disputes over the breach of contract.

¶ 10. In light of our conclusion that breach of contract claims fall within the Board's jurisdiction, and pursuant to the prior three-justice decision, we affirm the dismissal of plaintiff's breach of contract claims.

¶ 11. We review the court's dismissal of plaintiff's other claims de novo. In so doing, we assume as true all well-pleaded factual allegations and draw all reasonable inferences that may be derived from the nonmoving party's pleadings, *Knight v. Rower*, 170 Vt. 96, 98, 742 A.2d 1237,

1239 (1999), but the pleadings must meet the standard of Rule 8 and give fair notice of the claim and the grounds on which it rests. *Lane v. Town of Grafton*, 166 Vt. 148, 152-53, 689 A.2d 455, 457 (1997).

¶ 12. A review of plaintiff's Second Amended Complaint reveals that the trial court committed no error in parsing the various causes of action that plaintiff claims entitle it to relief. All of the factual allegations are based on events that arose out of the termination of the contracts by Agency of Transportation officials. To the extent that those facts allege a breach of contract, we have held that those claims are precluded. The breach of contract issues comprise almost the entirety of plaintiff's complaint. The other labels that plaintiff has attached to the factual allegations surrounding the breach of contract do not set forth any cognizable claims for relief and are mere labels. These include: a claim for conspiracy and "adopting a negatively prejudicial attitude" towards plaintiff, "wanton misconduct and wanton negligence," a violation of plaintiff's due process rights, "oppression," willful and intentional tort, and so on. The superior court discussed these claims extensively. We agree with its conclusion that plaintiff's allegations did not meet the minimal standards of pleading under Rule 8 so that no cause of action other than breach of contract was alleged. Therefore, we will not repeat each and every reason for dismissal stated in the court's opinion.

¶ 13. Additionally, plaintiff claims that the trial court ignored the principles of res judicata and estoppel in allowing the Agency to "argue that the Board had original subject matter jurisdiction over breach of contract claims, a position inconsistent with the plain holding of the Board." Whatever position the Agency or the Board took in the original proceeding, we have now declared that position to be in error. The trial court committed

no error in determining the breadth of the Board's jurisdiction or in entertaining a corrected argument on the part of defendant.

¶ 14. Next, plaintiff claims that the trial court improperly dismissed its action because it was not "written in perfect legalese" or organized the way a skilled trial lawyer might frame the action. Quite to the contrary, the trial court took special care with the review of plaintiff's complaint, to the point of picking out the mere citation of legal terms strewn among pages of facts, and considering each possible cause of action even suggested by the term. In some cases, the terms themselves were inadequate to set forth a legal cause of action, for example, the terms "oppression" and "adopting a negatively prejudicial attitude." But in each case the trial court considered whether any facts or law supported even a glimmer of a claim. In our view, the trial court was quite deferential to the fact that plaintiff was appearing pro se. At the same time, the fact that plaintiff appears pro se does not entitle its complaint to be judged by a lesser standard than that set forth by the Vermont Rules of Civil Procedure. Plaintiff was properly held to those standards and no more.

¶ 15. Finally, plaintiff claims the superior court erred in applying the economic loss doctrine to hold that all of plaintiff's tort claims are barred. The superior court's citation to the economic loss doctrine was a second and unnecessary reason supporting its decision under Rule 8. Plaintiff's alleged tort claims case were dismissed because they did not meet Rule 8's minimal pleading requirements. We affirm on that basis alone.

¶ 16. In short, plaintiff has attempted to characterize what is essentially a breach of contract claim as some kind of tort, by adding labels that imply misconduct on the part of the state actors who terminated the contract. In the final analysis, the trial court correctly ruled that the complaint is one for breach of contract, and under our previous decision, the cognizable claims it raises are precluded because of plaintiff's failure to timely appeal the Board's ruling on those claims.

*Affirmed.*