STATE OF VERMONT

ENVIRONMENTAL COURT

|                                                                          |   |                          |
|--------------------------------------------------------------------------|---|--------------------------|
|                                                                          | } |                          |
| Riverview Mews, LLC,                                                     | } |                          |
|     Plaintiff,                                       | } |                          |
|                                                                          | } |                          |
|     v.                                               | } | Docket No. 251-11-07 Vtec |
|                                                                          | } |                          |
| Richard Electric, Inc.; Steven L. Richard; and                          | } |                          |
|     Margaret Richard,                               | } |                          |
|     Defendants.                                     | } |                          |
|                                                                          | } |                          |

Decision and Order on Motion to Dismiss for Lack of Standing

Plaintiff Riverview Mews, LLC., filed a complaint pursuant to 24 V.S.A. § 4470(b), alleging that Defendants Richard Electric, Inc., Steven L. Richard and Margaret Richard are using property on A Street in the Village of Wilder within the Town of Hartford in violation of site plan approvals issued by the Planning Commission for that property. Plaintiff is represented by Barry C. Schuster, Esq.; Defendants are represented by C. Daniel Hershenson, Esq.

Defendants have moved to dismiss the complaint, alleging that Plaintiff does not have standing to enforce the conditions of the site plan approved for Defendants' property because Plaintiff fails to qualify as an interested person pursuant to 24 V.S.A. § 4465(b)(3).

In 1984 and 1985,[1] the then-owner or predecessor of Richard Electric, Inc. received

---

[1] In 1986 the then-owner also received approval from the Vermont Agency of Natural Resources for connection to the municipal water supply and sewage disposal systems; this approval is not at issue in the present proceedings. Despite the parties' references to a 1986 decision of the Planning Commission, no such decision appears in the materials they have filed with the Court.

site plan approval from the Hartford Planning Commission for two successive additions to an existing office building on the property. Plaintiff Riverview Mews, LLC., owns property at 272 South Street in the Village of Wilder, adjoining and asserting an easement over Defendants' property. Plaintiff does not contest that it did not participate in the 1984 and 1985 proceedings before the Hartford Planning Commission that resulted in the approved site plans.

The complaint alleges that Defendants are using their property in violation of the approved 1984 and 1985 site plans by failing to maintain the landscaping and the parking area as approved; by adding additional finished office space without obtaining approval for the expansion; by failing to maintain proper drainage on the property resulting in excess runoff and discharge into the groundwater; and by placing unregistered and unusable trailers and junk vehicles on the property. The complaint also asserts that the maintenance of the "trailers and other junk" on the property constitutes a nuisance[2] and a violation of the Town's "Ordinance[3] Regulating Waste Disposal." Plaintiff requests injunctive relief, damages for contempt, and other appropriate relief.

Two enforcement mechanisms are found in the state zoning statute. Violations of a municipal zoning ordinance itself or of a permit issued by the zoning administrator may be enforced by the municipality under 24 V.S.A. §§ 4451 and 4452, but not by a neighbor or other interested person. On the other hand, site plan approvals and other decisions issued by the Planning Commission, Zoning Board of Adjustment, or Development Review Board may be enforced either by the municipality or by an interested person, under 24

---

[2] The Environmental Court does not have jurisdiction over a common law claim for nuisance.

[3] If this ordinance is separate from the Town's zoning statutes, 24 V.S.A. § 4470(b) does not apply to it.

V.S.A. § 4470(b).

Section 4470(b) states in full that:

[a] municipality shall enforce all decisions of its appropriate municipal panels, and further, the superior court, or the environmental court shall enforce such decisions upon petition, complaint or appeal or other means in accordance with the laws of this state by such municipality or <u>any interested person</u> by means of mandamus, injunction, process of contempt, or otherwise. (Emphasis added.)

The term 'interested person' is not defined in the definitions section of the statute. 24 V.S.A. § 4303. However, a definition of the term 'interested person' is provided in 24 V.S.A. § 4465(b)(3), which is the section of the state statute addressing appeals taken from decisions of the administrative officer to the DRB or ZBA. The introductory phrase of § 4465(b) states that "[f]or the purposes of this chapter, an interested person means any one of the following" five subsections. Subsection 4465(b)(3) defines as an interested person:

A person owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter, who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality.

Defendants assert that, to qualify as an interested person in order to enforce the terms of the site plan approval, Plaintiff must satisfy all three elements of § 4465(b)(3). Defendants also argue that Plaintiff is required to have participated in the proceedings that resulted in the decision that is sought to be enforced, making an analogy to the participation requirement in § 4471(a) applicable to appeals to this Court.

In <u>Murdoch v. Town of Shelburne</u>, 2007 VT 93, ¶ 5, the Vermont Supreme Court reiterated the principles of statutory construction:

In construing a statute, our paramount goal is to effectuate the Legislature's intent as evidenced by the "plain, ordinary meaning of the language used." <u>Earth Constr., Inc. v. Vt. State Agency of Transp.</u>, 2005 VT 82, ¶ 5, 178 Vt. 620,

3

882 A.2d 1172 (mem.) (quotations and citations omitted). If a statute's meaning is clear, "we enforce it according to its terms." Ran-Mar, Inc. v. Town of Berlin, 2006 VT 117, ¶ 5, 17 Vt.L.W. 413, 912 A.2d 984. If the provision's meaning is in doubt, we must broaden our inquiry to "determine its intent from a consideration of the whole and every part of the statute, the subject matter, [and] the effects and consequences" in order to create a "harmonious whole." Id. (quotations and citations omitted.) We will avoid a construction that renders any portion of a statute ineffective or superfluous. In re L.A., 2006 VT 118, ¶ 11, 17 Vt.L.W. 471, 912 A.2d 977.

Statutory constructions leading to absurd or irrational results are also to be avoided. Bergeron v. Boyle, 2003 VT 89, ¶ 11, 176 Vt. 78, 83 (citations omitted).

First, by its own terms the participation requirement of 24 V.S.A. § 4471(a) does not apply to the filing of enforcement complaints, but only to the filing of an appeal. If the legislative intent of the participation requirement was to encourage zoning issues to be fully aired, if not resolved, before the local panel, before being appealed to this Court, then in the appeals context, the participation requirement is logical and gives effect to the statute. However, to import the participation requirement into the private enforcement provision of § 4470(b) would create an absurd result contrary to the legislative intent, because it would prevent buyers or successor landowners of properties in a subdivision or other development from enforcing the very site plans or permits applicable to their properties on which they may have relied in purchasing their properties.

Similarly, the third clause of the definition of interested person in § 4465(b)(3) by its own terms is not applicable to a private enforcement action under § 4470(b). This third clause of § 4465(b)(3) requires an allegation that "the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw" of the municipality. (Emphasis added.) In an enforcement action under § 4470(b), no "decision or act" has been appealed to the Court that could be "confirmed" by the Court as in an appeal. Rather, an enforcement action seeks to achieve a permittee's compliance with the terms of a prior

4

unappealed decision of a municipal board or commission. Moreover, to impose the third clause of § 4465(b)(3) on a plaintiff in a private enforcement action would create an absurd result contrary to the legislative intent, because a plaintiff seeking enforcement of a decision will never be alleging that the decision is contrary to the municipal plan or bylaw. Instead, such a plaintiff will by definition be seeking to impose the conditions of the decision on the defendant.

By contrast, the first two clauses of the definition of interested person in § 4465(b)(3) simply define the prerequisites for standing,[4] as in any civil case, but made specifically applicable to the zoning context. The first two clauses of § 4465(b)(3) are applicable to a private enforcement action under § 4470(b). A plaintiff in a private enforcement action under § 4465(b)(3) must own or occupy property in the immediate neighborhood, that is, be capable of being affected by the challenged use of the subject property. A plaintiff in a private enforcement action under § 4465(b)(3) must also be able to show injury-in-fact, that is, some "physical or environmental impact on the person's interest" due to the decision at issue and capable of being redressed by the litigation.

Plaintiff appears to meet the first two clauses of § 4465(b)(3). It owns or occupies property in the immediate neighborhood of Defendants' property, and claims an easement over a portion of that property. While the complaint itself does not state what is alleged to be the "physical or environmental impact" on Plaintiff's interest due to the challenged use of Defendants' property, the letter from Plaintiff's attorney contained in Attachment 4 to the complaint (as filed with the Court on January 3, 2008) to such effects. This decision will require an amended complaint to clarify the basis for Plaintiff's standing before proceeding to schedule the matter for mediation, further motions, or trial.

---

[4] See, e.g., Brod v. Agency of Natural Resources, 2007 VT 87, ¶ 9; Selevan v. New York Thruway Authority, 470 F.Supp.2d 158 (N.D.N.Y. 2007).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Defendants' Motion to Dismiss for lack of standing is DENIED.

On or before April 18, 2008, Plaintiff shall file an amended complaint clearly stating the physical or environmental impact on its interest it alleges is due to the challenged use of Defendants' property, and so that the complaint is restricted to matters within the jurisdiction of this Court (see footnotes 1, 2, and 3, above). So that it is received by the Court and the other parties on or before May 12, 2008, Defendants shall file an answer to the amended complaint.

Based on compliance with this schedule, the initial pretrial conference has been scheduled by telephone for May 13, 2008 (see enclosed notice). Please be prepared to discuss a schedule for mediation of this dispute, and to inform the Court whether any superior court action is pending or contemplated related to the subject matter of this case. If the prayers for damages and attorney's fees remain in the amended complaint, please be prepared to discuss the legal issue of whether either is available in this type of proceeding in this Court. As Attachment 4 to the complaint reflects that the Zoning Administrator issued a warning letter in July of 2007 that referred to the potential for a formal notice of violation, please also be prepared to discuss whether the Town of Hartford has been informed of this proceeding, and whether it may be expected to intervene in this proceeding.

Done at Berlin, Vermont, this 7th day of April, 2008.

_____

Merideth Wright
Environmental Judge