STATE OF VERMONT

ENVIRONMENTAL COURT

|                                    |   |                         |
|------------------------------------|---|-------------------------|
|                                    | } |                         |
| In re: Cowee Forest Products, Inc. | } | Docket No. 34-2-08 Vtec |
| Appeal and Variance Application    | } |                         |
|                                    | } |                         |

<u>Decision and Order on Motion for Summary Judgment</u>

Appellant Cowee Forest Products, Inc., f/k/a W.J. Cowee, Inc., appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Arlington, denying a variance for the construction of a single-family residence on a 400-acre parcel. An earlier appeal involving the same parties, Docket No. 270-12-07 Vtec, was an appeal of the ZBA's decision that a variance was required for this project. By agreement of the parties the issues raised in the 2007 appeal were subsumed in the present appeal.

Appellant is represented by Christopher D. Roy, Esq.; and Interested Persons Harry Pickering Estate, Pat Pickering, Fred Pickering, Mary Ann Carlson, John Cottage and Lillian Reid are represented by W. Michael Nawrath, Esq. The Town of Arlington did not enter an appearance in the present appeal, although it had done so in Docket No. 270-12-07 Vtec. Appellant has moved for summary judgment on Question 1 of the Statement of Questions: whether the proposed project requires a variance.

Neither Appellees nor the Town has filed an opposition to Appellant's motion. However, even in a case in which no other parties have entered an appearance, it is not appropriate for the Environmental Court simply to act on the motion as if by default. See, e.g., <u>In re: Free Heel, Inc., d/b/a Base Camp Outfitters</u>, Docket No. 217-9-06 Vtec, slip op. at 1, n. 1 (Vt. Envtl. Ct. Mar. 21, 2007). Rather, the Court must independently examine the material facts, and may only grant the motion if the moving party is entitled to judgment under the applicable substantive law, because the Court is obligated to apply the

1

substantive standards that were applicable before the tribunal appealed from. 10 V.S.A. § 8504(h); V.R.E.C.P. 5(g); see also In re Bergmann Act 250 Subdivision, Docket No. 158-8-05 Vtec, slip op. at 6–7 (Vt. Envtl. Ct. Mar. 12, 2008). On summary judgment, the Court must satisfy itself that the materials supporting the motion are sufficient to show the absence of a fact question and that the moving party is entitled to judgment as a matter of law. Miller v. Merchant's Bank, 138 Vt. 235, 238 (1980). The following facts are undisputed unless otherwise noted.

Cowee owns an undeveloped 362-acre parcel of land on Red Mountain in the Town of Arlington,the southerly portion of which is located in the Rural zoning district, and the northerly portion of which is located in the Forest and Recreation zoning district. The property is located generally to the north of Route 313, and is accessed by a sixteen-foot-wide deeded easement or right-of-way from Heritage Hill Road, a private road with access to Route 313. Cowee acquired the parcel, including the easement, in September of 1959.

In September of 2007, Cowee applied for a zoning permit for the construction of a single-family residence, within the portion of the property in the Rural zoning district, proposed to be accessed by the sixteen-foot-wide right-of-way. The land-use administrator referred the application to the ZBA. The ZBA concluded that a variance was required for the construction because the parcel was to be accessed by a right-of-way that was less than twenty feet in width. The ZBA required additional information from Appellant before denying the merits of the variance application in January of 2008.[1] This appeal followed.

---

[1] The January 2008 ZBA Decision is entirely inadequate under the requirements of 24 V.S.A. § 4464(b)(1), in that it fails to include a statement of the factual bases on which the ZBA made its conclusions. The Findings of Fact section of the written decision states in full that "(1) The applicant desires to build a single family residence on a lot of about 400 acres; [and] (2) [t]he access to the property is by a 16 foot right of way[; z]oning requires a 20 foot right of way or a variance." No findings were provided to support a denial of a variance, nor does the decision state which of the five variance provisions the ZBA determined were

Appellant proposes to construct a house on a land-locked parcel, with access only by a sixteen-foot-wide right-of-way. Appellant argues that, under § 6.6.4 of the Land Use (Zoning) Bylaw and Flood Hazard Areas Regulations (Land Use Bylaw), a variance is not required because the sixteen-foot-wide right-of-way to the land-locked parcel was obtained in 1959, and therefore, is grandfathered. For property in the Rural zoning district, § 6.6.4 requires a "[m]inimum frontage on a public street or right-of-way [of] one hundred (100) feet <u>or access by a right-of-way existing as of May 1, 1990</u> or by a new right-of-way if said new right-of-way is approved by the Planning Commission." (Emphasis added.) Based on the language of § 6.6.4, Appellant argues that the sixteen-foot-wide right-of-way, which was obtained in 1959, provides a permissible access that is grandfathered under the Land Use Bylaw.

On the other hand, in determining that a variance is required, the ZBA relied upon § 5.2.5 of the Land Use Bylaw, carrying out the statutory provision now codified at 24 V.S.A. § 4412(3).[2] Section 5.2.5 provides in all districts that "[n]o land development may be

_____

not met. The parties have not provided the minutes from which the Court could determine whether the required factual bases and conclusions are provided in the minutes. However, the parties have expressed their preference to avoid a third proceeding at the ZBA, and have requested this Court to address the merits of the application in this de novo proceeding.

[2] No party has provided information as to the requirements of the state zoning enabling act, if any, in 1959 at the time of the creation of this right-of-way. The present statute, 24 V.S.A. § 4412(3) requires access by a right-of-way at least twenty feet in width. That section was formerly codified at 24 V.S.A. § 4406(2), and was enacted by 1967, No. 334 (Adj. Sess.), § 1, effective March 23, 1968. This provision of the state statute is required to be included in each municipality's zoning ordinance; however, Appellant may have a vested right to use its earlier-created right-of-way, depending on the state statute in effect in 1959.

3

permitted on lots which do not either have frontage on a public road or public waters or, with the approval of the Planning Commission, access to such road or waters by a permanent easement <u>or right-of-way at least twenty (20) feet in width</u>." (Emphasis added.) The ZBA concluded that § 5.2.5 requires a twenty-foot-wide right-of-way for parcels in any zoning district lacking frontage, regardless of when the right-of-way was created.

Without regard to whether the state statute supersedes conflicting provisions of § 6.6.4 , zoning regulations are construed under the general rules of statutory construction, <u>In re Miserocchi</u>, 170 Vt. 320, 324 (2000); <u>In re Casella Waste Mgmt., Inc.</u>, 175 Vt. 335, 337 (2003). In <u>Murdoch v. Town of Shelburne</u>, 2007 VT 93, ¶ 5, the Vermont Supreme Court reiterated the principles of statutory construction:

> In construing a statute, our paramount goal is to effectuate the Legislature's intent as evidenced by the "plain, ordinary meaning of the language used." <u>Earth Constr., Inc. v. Vt. State Agency of Transp.</u>, 2005 VT 82, ¶ 5, 178 Vt. 620, 882 A.2d 1172 (mem.) (quotations and citations omitted). If a statute's meaning is clear, "we enforce it according to its terms." <u>Ran-Mar, Inc. v. Town of Berlin</u>, 2006 VT 117, ¶ 5, 17 Vt.L.W. 413, 912 A.2d 984. If the provision's meaning is in doubt, we must broaden our inquiry to "determine its intent from a consideration of the whole and every part of the statute, the subject matter, [and] the effects and consequences" in order to create a "harmonious whole." <u>Id</u>. (quotations and citations omitted.) We will avoid a construction that renders any portion of a statute ineffective or superfluous. <u>In re L.A.</u>, 2006 VT 118, ¶ 11, 17 Vt.L.W. 471, 912 A.2d 977.

Under the plain, ordinary meaning of the language used in the Land Use Bylaw, § 6.6.4 can be enforced according to its terms, and can be harmonized with the provisions of § 5.2.5. Section 6.6.4 applies specifically to the Rural District, and requires either a minimum amount of frontage on a public street or in the alternative, access by a right-of-way. Section 6.6.4 simply distinguishes between rights-of-way that were in existence as of May 1, 1990, and those that have been created, or are proposed to be created, after that date. Rights-of-

way that were in existence as of May 1, 1990 are grandfathered; such grandfathered rights-of-way have no minimum width requirement per se, and no approval of the right-of-way by the Planning Commission is required by that section.[3]  Under both § 6.6.4 and § 5.2.5, lots without frontage, having access by rights-of-way created since May 1, 1990, must obtain approval of the Planning Commission for any development and § 5.2.5 requires that such rights-of-way must be at least twenty feet in width.

The two provisions may also be harmonized by giving effect to § 6.6.4 as the more specific provision.  Our Lady of Ephesus House of Prayer, Inc. v. Town of Jamaica, 178 Vt. 35, 41 (2005) (if two statutory provisions cover the same subject and one is more specific that the other, they may be harmonized by giving effect to the more specific provision according to its terms.)

Section 6.6.4 is the more specific provision both because it pertains specifically to the Rural[4] zoning district and because it only addresses pre-existing access rights-of-way in existence prior to the date of a 1990 amendment of the Land Use Bylaw.  Section 5.2.5 is the more general provision, both because it is applicable throughout the town and because it simply enacts the required state statutory provision of 24 V.S.A. § 4412(3) without any reference to specific zoning districts.

---

3  Of course, projects other than single-family or two-family dwellings require site plan approval from the Planning Commission under § 8.5; this provision allows the Planning Commission to determine that an undersized right-of-way is insufficient for its proposed use.  Similarly, projects requiring conditional use approval may be reviewed by the ZBA under § 7.1 as to whether an undersized right-of-way will create dangerous traffic conditions.

4  An identical provision pertains in the Village and Commercial-Residential-(Rural) zoning districts.  By contrast, the Commercial-Industrial and Planned Industrial zoning districts have no grandfathering provision and each have provisions requiring a right-of-way width of 50 feet, that is, a width that is greater than that otherwise required by § 5.2.5. The Forest and Recreation zoning district has no frontage or right-of-way provisions.

Having regard only to the provisions of the municipal Land Use Bylaw, because the right-of-way at issue in the present case was created in 1959; it is grandfathered under § 6.6.4 and may be used for the proposed single-family dwelling[5] use without triggering the requirements of § 5.2.5. Thus, a variance was not required and Appellant could proceed to have its zoning permit application considered for the construction of the single-family dwelling with access by the sixteen-foot-wide right-of-way. However, material facts are in dispute, or at least have not been provided to the Court, regarding whether the state zoning enabling statute contained a superseding minimum width provision in 1959 when the right-of-way at issue in this proceeding was created. If the state statute in effect in 1959 did contain such a provision, this case must proceed to the hearing on the merits of the variance (now scheduled for September 19, 2008), unless the inadequacy of the ZBA's decision requires remand. If the state statute in effect in 1959 did not contain such a provision, this appeal would be concluded.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's Motion for Summary Judgment is GRANTED in PART with respect to Question 1 of the Statement of Questions: that, having regard only to the Town's Land Use Bylaw, no variance is required for the application. However, material facts remain in dispute as to whether the state statute in effect in 1959 when this right-of-way was created required any minimum width and superseded any contrary municipal ordinances. Therefore, the hearing on the merits of the variance application remains scheduled for September 19, 2008; a telephone conference has been scheduled (see enclosed notice) to discuss whether the remaining issue can be resolved in advance of that hearing date to determine whether that hearing is or is not necessary, to discuss whether mediation is now

---

5 See footnote 3, above.

6

appropriate, and to discuss whether the ZBA minutes provide the findings required by 24 V.S.A. § 4464(b)(1).

Done at Berlin, Vermont, this 25th day of July, 2008.

_____
Merideth Wright
Environmental Judge