**State of Vermont**
**Superior Court—Environmental Division**

==========================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
==========================================================================

**In re Conlon CU Permit**                                    **Docket No. 2-1-12 Vtec**
**(Appeal of Planning Commission grant of conditional use approval)**

Title: Motion to Strike Questions (Filing No. 4)

Filed: May 8, 2012

Filed By: Applicants/Appellees Edward Conlon and Debra Staniscia

Response filed on 5/25/12 by Appellants John and Julia Baldwin

Reply filed on 6/1/12 by Applicants/Appellees

 _X_ Granted (in part)            _X_ Denied (in part)            ___ Other

John and Julia Baldwin ("Appellants") have appealed a decision by the Town of Plymouth Planning Commission ("the Commission") granting conditional use approval to Edward Conlon and Debra Staniscia ("Applicants") to subdivide a 13-acre property at 441 Weaver Hill Road in the Town of Plymouth, Vermont and build a 1.5 story building. Applicants have filed a motion to strike, or dismiss, 18 Questions—Questions 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 23, and 25—of the 25 Questions Appellants have raised in their Statement of Questions.

Applicants' motion to dismiss falls within the purview of V.R.C.P. 12(b)(6) as it seeks dismissal of each of the 18 Questions for their failure to state issues on which the Court can grant Appellants relief. In ruling on a Rule 12(b)(6) motion, we must assume the factual allegations in the plaintiff's pleading are true and can only grant dismissal if "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1 (citing Alger v. Dep't of Labor & Indus., 2006 VT 115, ¶ 12, 181 Vt. 309). Within the context of this appeal from the Commission's decision, we view the Notice of Appeal and Statement of Questions as the "pleadings" and Appellants as the "plaintiff." Dismissal of a Question is not appropriate if the argument for dismissal relies on information outside of the text of the Statement of Questions and Notice of Appeal. See V.R.C.P. 12(b) ("If, on a motion [to dismiss] asserting the defense . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").

Before addressing Applicants' specific arguments, we note that Appellants appear to misunderstand the role of a Statement of Questions. A Statement of Questions should be a "short and plain statement," V.R.C.P. 8(a), that provides notice to other parties and this Court of the "questions that the appellant desires to have determined" in the appeal. V.R.E.C.P. 5(f). Detailed factual and legal information that goes beyond identifying the Questions and crosses over into arguing the merits of the Questions is misplaced in a Statement of Questions. See In re

Frostbite Mine, No. 12-1-11 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Nov. 3, 2011) (Durkin, J.) (striking a historical background section and definition section from a Statement of Questions). Here, Appellants' "Questions" are all themselves largely phrased as factual assertions and legal arguments that, apparently, Appellants want the Court to ultimately find and conclude.

Appellants appear before us pro se, and in ruling on Applicants' motion to dismiss specific Questions, we will take the precaution taken by the trial court in Earth Construction, Inc. v. Vermont Agency of Transportation when faced with a pro se litigant. 2005 VT 82, ¶ 14, 178 Vt. 620 (mem.) (noting that the trial court "took special care with the review of plaintiff's complaint, to the point of picking out the mere citation of legal terms . . . and considering each possible cause of action even suggested by the term"). That is, when determining whether Appellants' Questions state issues on which the Court can grant relief to Appellants, we will read the Questions with leniency, giving Appellants the benefit of all doubts.

We turn now to the specific 18 Questions that Applicants request that we dismiss—Questions 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 23, and 25.

While Applicants ask the Court to dismiss Questions 2, we understand Question 2 to raise the cognizable issue of whether Applicants have the necessary, if any, state wastewater permit to obtain conditional use approval under the Plymouth Zoning Ordinance ("Ordinance"). Additionally, while Applicants ask the Court to dismiss Questions 3 and 23, we understand these Questions to collectively raise the cognizable issue of whether Applicants have the necessary, if any, Act 250 permit to obtain conditional use approval under the Ordinance. Applicants also seek to dismiss Questions 9 and 25, but we read these Questions to raise the cognizable issues of whether Applicants' proposed project complies with particular provisions of the Town Plan. We therefore **DENY** Applicants' request that Questions 2, 3, 9, 23, and 25 be dismissed.[1]

Turning to Questions 4, 5, 6, and 14, we also **DENY** Applicants' request to dismiss these Questions. We understand Questions 4, 5, 6, in combination with Question 1, to raise essentially the same cognizable issue—whether Applicants' application complies with the timing and submission requirements included in Ordinance § 4.16.1. We understand Question 14 to raise the cognizable issue of whether Applicants' proposed project compiles with one of the criteria for conditional use approval—criterion (c) in Ordinance § 4.16.2. However, we agree with Applicants that Appellants' commentary, in Question 14, on the need for Applicants' project is misplaced under criterion (c) and hereby **STRIKE** that commentary.

Applicants also request that we dismiss Question 17, which raises the issue of whether a proposed pond requires a separate use permit, because Applicants' application does not include a request to construct a pond. Because assessment of this argument requires us to refer to the application, a document outside of what we regard as the pleadings in this matter, we **DENY** Applicants' request to dismiss Question 17 without assessing the merits of Applicants' argument, since it requires us to look beyond the initial pleadings.

Applicants' request that we dismiss Questions 7, 10, 11, 12, 15, 16, 18, and 19 triggers a more searching analysis as it is not readily apparent to the Court that these Questions do raise issues for which we can grant Appellants relief. In fact, the text of Questions 7, 10, and 11

---

[1] Our ruling today is premised upon the limited review that V.R.C.P. 12(6) allows and should not be interpreted as an approval of Appellants' assertions that the cited Ordinance provisions require other permits to issue before the Commission, or this Court on appeal, may grant conditional use approval.

neither includes nor suggests any discernible legal issue.  Questions 7, 10, and 11 include only factual assertions.  We therefore **DISMISS** Questions 7, 10, and 11 from Appellants' Statement of Questions.[2]

Looking to Questions 12, 15, 16, and 18, they also only include factual assertions. However, unlike Questions 7, 10, and 11, Questions 12, 15, 16, and 18 include facts that suggest Appellants may have had specific Ordinance provisions in mind to which they believe these facts speak.  Consequently, rather than dismiss these Questions now, we give Appellants **15 days** after the issuance of this ruling to restate these four Questions into a single Question or Questions that includes citations to the Ordinance provisions that Appellants believe Applicants' application must, but does not, meet.  Should Appellants fail to reframe these Questions or fail to raise cognizable issues in their reframed Question(s), we will dismiss Questions 12, 15, 16, and 18.

Finally, looking to Question 19, we conclude that dismissal is appropriate for the following three reasons.  One, Question 19 appears to raise the same issue as Questions 1, 4, 5, and 6—that is, whether Applicants' application complies with the timing and submission requirements included in Ordinance § 4.16.1—and is therefore unnecessarily duplicative.  Two, Question 19 also appears to raise concerns about the need for Applicants' projects, which is not a consideration that the Commission, or this Court on appeal, can  review under the applicable zoning provision, Ordinance § 4.16.1.  Three, the remainder of Question 19 raises concerns that Applicants misrepresented material facts in their application.  We are charged with the responsibility of assessing the credibility and weight to be afforded any evidence presented in the upcoming de novo hearing.  See 10 V.S.A. § 8504(h); 24 V.S.A. § 4470a.  Therefore, to the extent that Question 19 challenges the credibility of Applicants' future presentation of evidence, the Question is unnecessarily duplicative of our procedural process in a de novo proceeding. For all these reasons, we **DISMISS** it.

In summary, we **DISMISS** Questions 7, 10, 11, and 19, and give Appellants **15 days** after the date this Entry Order is issued to restate Questions 12, 15, 16, and 18 into a Question or Questions that includes citations to the specific Ordinance provisions that Appellants believe Applicants' application must, but does not, meet.  Should Appellants fail to reframe these four Questions or fail to raise cognizable issues in their reframed Question(s), we will dismiss some or all of Questions 12, 15, 16, and 18 without the need for a renewed motion to dismiss.  The commentary on the need for Applicants' project that is included in Question 14 is also **STRICKEN**.

|  |  |
| --- | --- |
| _____ | _____August 30, 2012_____ |
| Thomas S. Durkin, Judge | Date |

==============================================================================

Date copies sent: _____                         Clerk's Initials: _____

Copies sent to:

  Appellants John and Julia Baldwin, pro se
  Martin Nitka, Attorney for Applicants/Appellees Edward Conlon and Debra Staniscia
  Frederick M. Glover, Attorney for Town of Plymouth

---

[2]  Despite dismissing these Questions, we note that our ruling does not prevent Appellants from putting forth at trial relevant, admissible evidence that goes to the facts asserted in any dismissed Questions.