## STATE OF VERMONT
## SUPERIOR COURT - ENVIRONMENTAL DIVISION

|  |  |  |
|---|---|---|
| | { | |
| **In re: Conlon Subdivision/Conditional** | { | **Docket No. 2-1-12 Vtec** |
| **Use Application[1]** | { | **(Appeal from Plymouth Planning Comm.)** |
| | { | |

### Judgment Order

John and Julia Baldwin ("Appellants") have appealed a decision by the Town of Plymouth Planning Commission ("the Commission") granting conditional use approval to Edward Conlon and Debra Staniscia ("Applicants") to subdivide a 13±-acre property at 441 Weaver Hill Road in the Town of Plymouth, Vermont.

Appellants initially asked this Court to remand the application to the Commission due to alleged deficiencies in the application materials and the Commission's procedures. We denied Appellants' remand request, citing precedent directing this Court to conduct a de novo trial and hear evidence on an appealed application "as though no action whatever had been held prior thereto." In re Conlon CU Permit [Entry Order on Remand Request], No. 2-1-12 Vtec, slip op. at 1-2 (Vt. Super. Ct. Envtl. Div. Aug. 30, 2012) (Durkin, J.)(quoting in part Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989))(other citations omitted).

Appellants also sought permission to "augment and amplify" their previously filed Statement of Questions. The Court denied this request, concluding that augmentation and amplification were neither necessary nor permitted under our procedural rules. In re Conlon CU Permit [Entry Order on Motion to Augment SoQ], No. 2-1-12 Vtec, slip op. at 1-2 (Vt. Super. Ct. Envtl. Div. Aug. 30, 2012) (Durkin, J.).

Appellants also filed a motion for summary judgment, asserting that the Court should "dismiss[], revoke[][,] and den[y] in its entirety and with prejudice" Applicants' conditional use application. (Appellants' Motion for Summary Judgment, filed May 8, 2012.) Appellants' assertion was based upon their reading of a provision of a prior Act 250 permit that governed development on Applicants' property. Applicants responded by acknowledging that they could not commence new development before receiving all necessary state and municipal

---

[1] The caption originally assigned to this appeal was In re Conlon Conditional Use Permit. During trial, the Court determined that the caption needed to be revised to more accurately reference the contents of the application that is the subject of this appeal.

permits. They disagreed, however, with Appellants' argument that the existing Act 250 permit prohibited them from first seeking municipal approval of any proposed new land development. The Court agreed with Applicants' interpretation of the permit language and precedent and denied Appellants' summary judgment request. In re Conlon CU Permit [Entry Order on Motion for Summary Judgment], No. 2-1-12 Vtec, slip op. at 1–2 (Vt. Super. Ct. Envtl. Div. Aug. 30, 2012) (Durkin, J.).

Appellants filed an eight-page, single-spaced Statement of Questions, reciting twenty-five Questions, with subparts comprised of forty-seven individual paragraphs. Many of Appellants' Questions took issue with how the Commission provided notice, allowed for dissemination of materials, conducted its hearing, and rendered its decision. See Appellants' Statement of Questions, filed Jan. 30, 2012. In response, Applicants moved to dismiss eighteen of Appellants' twenty-five Questions under V.R.C.P. 12(b)(6), for failure to state claims for which this Court could grant relief as a matter of law in the pending appeal.

Appellants appeared then and at trial as self-represented litigants. The Court noted the importance of affording pro se litigants the benefit of all doubts and inferences to prevent any unfair prejudice they may experience due to their unfamiliarity with litigation practices. In re Conlon CU Permit [Entry Order on Motion to Strike Questions], No. 2-1-12 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 30, 2012) (Durkin, J.)(citing Earth Constr., Inc. v. Vermont Agency of Transp., 2005 VT 82, ¶ 14, 178 Vt. 620 (mem.)).

The Court declined to strike ten of the eighteen Questions that Applicants challenged in their dismissal motion, concluding that a final determination on those and the remaining Questions was best left for the trial. The Court dismissed Appellants' Questions 7, 10, 11, and 19 and afforded Appellants an opportunity to clarify four remaining Questions (Questions 12, 15, 16, and 18). Id. at 3.

Appellants thereafter filed a document with the following two headings: "Questions 12 & 18 Revised and Merged" and "Questions 15 & 16 Revised and Merged." See Appellants filing of Oct. 26, 2012. This filing contained mostly factual assertions and few legal questions. The Court ultimately allowed the revised and merged Questions 12 and 18 to remain, but struck Appellants' Questions 15 and 16. In re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Feb. 5, 2013) (Durkin, J.). The matter was then scheduled for trial.

On the morning of trial, the Court visited the parties' respective properties. The Court found this site visit helpful, as it provided context for the testimony and other evidence received at trial. However, the Court cautioned, both on site and at the beginning of trial, that comments and observations made during the site visit were not evidence and would not be relied upon by the Court in making its factual determinations, other than for contextual purposes.

At trial, the Court allowed all parties an opportunity to present evidence that was relevant to Appellants' remaining Questions 1–6, 8, 9, 12–14, 17, 18, and 20–25. Once the parties completed their respective presentations of evidence, the Court took a recess to review its trial notes and conduct legal research. When the Court reconvened the hearing, it recited its Findings of Fact and Conclusions of Law on the record of the merits hearing. This Judgment Order is issued to provide a summary of the Findings and Conclusions announced at trial; readers that wish to review the Court's Findings and Conclusions in detail are referred to the merits hearing record. We offer the following summaries of the Court's determinations:

First, to the extent that Appellants renewed at trial their request that the Court remand the pending application to the Commission, the Court **DENIED** that request.

Second, the Court noted that any determination of the location of property in relation to Town zoning districts is governed by the zoning districts map that was incorporated into the adopted zoning and subdivision regulations. A copy of the Town of Plymouth Zoning Districts Map was admitted into evidence as Town Exhibit BB. That map identifies Applicants' 13±-acre parcel on Weaver Hill Road. Slightly less than half of Applicants' property is located in the Rural Densities Ten Acre District ("RD-10 District"); slightly more than half of Applicants' property is located in the Rural Densities Five Acre District ("RD-5 District"). The boundary line between these two zoning districts bisects both of Applicants' proposed lots.

The Town of Plymouth Zoning Ordinance ("Ordinance") does not speak to which district regulations apply when a proposed lot lies in more than one zoning district. Because zoning ordinances are in derogation of private property rights, we are directed to interpret them narrowly. Rutland v. Keiffer, 124 Vt. 357, 360 (1964). Therefore, in the absence of guidance from the Ordinance, the Court concluded that the less onerous zoning regulations must apply, particularly since the pre-existing development is located in the RD-5 District. Here, the 5-acre minimum of the RD-5 District, rather than the 10-acre minimum of the RD-10 District, applies to Applicants' parcel.

3

Applicants propose to subdivide their property into two lots. Applicants' existing home and out buildings will be located on one 7.7± acre lot and they plan to build a single family residence, to be supported by an on-site wastewater disposal system, on the second 6.0± acre lot. However, Applicants have not yet submitted the application and detailed plans necessary to receive a zoning permit for the second planned residence.

Third, the Court determined that both of the proposed lots conform to the RD-5 District's size, setback, and lot frontage minimums and that the proposed uses are permitted in that zoning district.

Forth, the Court felt compelled to advise that it believed Appellants had misinterpreted the applicable provisions of the Town of Plymouth Town Plan, the Ordinance, and the minutes from the Planning Commission hearings on Applicants' application. Their misinterpretation led Appellants to present arguments that the Court found inapplicable to its consideration of the pending application. In particular, Mr. Baldwin relied upon non-mandatory and aspirational language from the Town Plan in his arguments against the pending application. The Court explained that while the aspirational language in a Town Plan may provide helpful guidance for what a town wishes to see in its future development, such non-regulatory language may not be relied upon in the denial of a land use application. See In re Appeal of Wesco, 2006 VT 52, ¶ 33, 180 Vt. 520 (noting that a municipal plan is only a guide and does not have "the force and effect of a legislative enactment")(internal quotation omitted).

Lastly, the Court addressed the criteria for conditional use approval, contained in Ordinance § 4.16. The Court first noted that Applicants had provided adequate information within and attached to their application to satisfy all the application submission standards contained in Ordinance § 4.16.1. The Court then considered the criteria established for conditional use review, contained in Ordinance § 4.16.2, and concluded that the Applicants' proposed subdivision did not result in an undue adverse impact under any of the criteria listed in Ordinance §§ 4.16.2(a) through (j), subject to the conditions specified on the record and summarized below.

Based upon the Court's stated Findings and Conclusions, the Court announced its **APPROVAL** of Applicants proposed subdivision, conditioned as follows:

1. Any lighting added to the existing buildings or proposed on the yet-to-be approved residence shall be shielded and the lighting shall only cast its illumination downward; no pole lights shall be permitted; light levels shall not exceed IESNA recommended

standards; and timers, dimmers, or similar devices shall be used on outside lighting, so as to eliminate unneeded lighting and reduce overall energy consumption, all in accordance with Ordinance § 3.15 regarding Outdoor Lighting.

2. Applicants shall secure and submit to the Town of Plymouth Zoning Administrator, within thirty days from this approval becoming final, a site plan prepared and stamped by a licensed land surveyor or engineer, with the appropriate certificate from her or him, conforming to the site plan presented at trial. See Exhibit D.

3. The Planning Commission approval for the construction of a single family, 1.5 story residence on the 6.0± acre lot is hereby **RESCINDED** and **VOIDED**, since no specific plans or application were presented for approval. Prior to beginning any construction on the 6.0± acre lot, Applicants shall apply for and receive all necessary municipal and state land use permits for development of that second lot.

This completes the current proceedings before this Court on this application.

Done at Berlin, Vermont this 28th day of October, 2013.

_____
Thomas S. Durkin, Environmental Judge