In re Claim of Winterset, Inc., No. 776-12-13 Wncv (Toor, J. Apr. 7, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
WASHINGTON UNIT
CIVIL DIVISION

| | |
|---|---|
| In re CLAIM OF WINTERSET, INC. | Docket No. 776-12-13 Wncv |

RULING ON MOTION TO DISMISS

This case and a companion case[1] are brought by the Vermont Agency of Transportation (the Agency) for the purpose of overturning a ruling by the Vermont Transportation Board (the Board). This case is brought under Rule 74 (which applies when a statute expressly provides for appeal); the other is brought under Rule 75 (which applies when there is no such express provision for review).

The Board's ruling relates to a contract dispute involving the Agency and a bridge contractor, Winterset, Inc. The Agency denied a claim by Winterset for additional compensation, ruling that it was filed late. Because of that ruling, the Agency did not reach the merits of the claim. On appeal, the Board reversed that ruling, finding the claim timely. However, instead of remanding the case so that the Agency could consider the merits of the claim, the Board decided to hold a de novo evidentiary hearing on issues the Agency had not addressed. It is that decision that is at the heart of the Agency's appeal here. The actual merits hearing has not yet taken place: apparently the Board has stayed the hearing while the cases are pending in this court. The

---

[1] Vermont Agency of Transportation v. Vermont Transportation Board, 736-11-13Wncv.

Agency is represented by Toni Clithero and Jonathan Rose, Esqs; Winterset is represented by William Fead, Esq.

In this case, the Agency argues that the Board exceeded its authority. Specifically, the Agency argues that because the Board has only appellate powers here, the merits of the contract dispute between the parties must first be considered by the Agency. Thus, the Agency argues, the Board should have remanded the matter for that purpose rather than scheduling the merits hearing itself.

Winterset moves to dismiss this case, arguing that (1) this is an appeal from a "contested case" covered by the Administrative Procedures Act (APA), (2) State agencies are not parties entitled to appeal under the APA, and (3) this appeal is premature in any event.

The Relevant Statute

Complicating this case further than most is the odd role of the Board. It is described as a Board "attached to" the Agency. 19 V.S.A. § 3. Exactly what this means is unclear. Its members are appointed by the Governor. Id. Its powers are described as follows: "The regulatory and quasi-judicial functions relating to transportation shall be vested in the [Board.]" Id. § 5(a). The Agency's role, by contrast, is to "administer the provisions of [the statutes relating to transportation], other than those involving quasi-judicial or regulatory functions assigned to the [B]oard." Id. § 2(c).[2]

The Board is given various powers, including hearing appeals from certain types of agency decisions, hearing small claims for damages caused by negligence of agency employees, holding hearings on determining policy, hearing appeals from Selectboard plowing decisions, and hearing and deciding disputes over car dealer franchise requirements. Id. § 5(d).

_____

[2] There is an exception to these lines of authority, not relevant here: "the duties and responsibilities of the commissioner of motor vehicles in Titles 23 and 32, including all quasi-judicial powers, shall continue to be vested in that individual." Id. § 5(b).

2

Interestingly, some of these are appellate in nature and some provide for the initial fact-finding level of review.

As relevant here, the Board is given the power to "provide appellate review, when requested in writing, regarding legal disputes in the execution of contracts awarded by the agency . . . to advance projects in the state's transportation program." Id. § 5(d)(4). When "an appeal is allowed from the [A]gency to the [B]oard, . . . the secretary shall promptly forward the notice of appeal to the [B]oard, together with the [A]gency's record of decision." Id. § 5(h). "Final orders of the Board may be reviewed on the record by the superior court pursuant to Rule 74 of the Vermont Rules of Civil Procedure." Id. § 5(c); *see also*, Earth Const., Inc. v. State of Vermont Agency of Transportation, 2005 VT 82, ¶ 3 footnote, 178 Vt. 620 (mem.) ("On-the-record review of the Board's final orders is available in superior court pursuant to V.R.C.P. 74.").

### Is Interlocutory Review Appropriate?

The court begins with the issue of whether the Agency's request for review by this court is premature. Rule 74 provides for court review when a statute so provides. The statute here permits appeals to this court from "[f]inal orders of the Board." 19 V.S.A. § 5(c). However, it is undisputed that the order at issue here is an interlocutory order, because the evidentiary hearing on the merits of Winterset's claim has not occurred. The ruling at issue is, instead, the Board's determination that it has the power to hold a de novo hearing on matters not addressed by the Agency. Thus, Winterset argues that review is premature. The Agency responds that this is one of the exceptions to the general policy against interlocutory review: the exception for situations where the agency below has "clearly exceeded its jurisdiction." In re Taft Corners, 160 Vt. 583, 588 (1993).

In Taft Corners, the Environmental Board had, over the developer's objection, ruled that certain Act 250 permit criteria were reviewable and remanded those criteria to the Act 250 Commission for review. The developer appealed that remand decision. Thus, the matter came to the Court before the remand hearing was held, and thus before a final decision had been issued. The Court held that, although it would not normally review a non-final decision where all administrative remedies had not been exhausted, "where an agency has clearly exceeded its jurisdiction in an intermediate ruling, interlocutory review is appropriate." Id. The Agency is arguing exactly that: it argues that the Board exceeded its authority by engaging in de novo review of issues not first addressed by the Agency.

However, there is a difference between an agency clearly exceeding its jurisdiction and a dispute over such a question. In Taft Corners, the former situation applied. Here, having considered the parties' arguments on that issue[3], the court concludes that although there is a legitimate dispute over the question, the answer is less than crystal-clear. "Cases in which there is a clear jurisdictional defect are distinguishable from cases, such as this one, that give rise only to clear jurisdictional disputes." Winter v. I.C.C., 851 F. 2d 1056, 1063 (8th Cir. 1988). *See also*, Aluminum Co. of America v. United States, 790 F. 2d 938, 942 (D.C. Cir. 1986)(claim that agency improperly assumed jurisdiction did not justify court hearing issue on interlocutory basis). Interlocutory review of administrative orders should be limited to cases where the ruling "is so flagrantly wrong . . . as to make it apparent that the agency is not merely courting the possibility of reversal but is running into the certainty of it . . ." Ohio Citizens for Responsible Energy, Inc. v. Nuclear Regulatory Comm., 803 F. 2d 258, 260 (6th Cir. 1986)(citation omitted).

---

[3] *See* 3 Admin. L. & Prac. § 12:20 (3d ed.)(Westlaw, updated Feb. 2014)(suggesting that "a court must make a cursory review of the merits to determine if the agency clearly acted beyond its authority.").

There is also another requirement for interlocutory review. The appellant must show that the normal appellate process will not be adequate, or that the delay will cause the appellant harm. "It must at least be shown that appeal of the ultimate order will not provide an adequate remedy or that the nature of the claimed defect in the order is such that the harm is greatly aggravated by delay." Taft Corners, 160 Vt. at 589, quoting In re Central Vermont Public Service Corp., 142 Vt. 138, 140 (1982).

Taft Corners cited the Administrative Procedure Act (APA) for the requirement of inadequacy of remedy or harm – 160 Vt. at 589; 3 V.S.A. § 815(a) – and did not expressly say that these were necessary in every case involving an agency allegedly exceeding its jurisdiction. Here, the parties disagree over whether the APA applies to this matter. Nonetheless, the general rule even in non-APA cases is that some inadequacy or harm is required before interlocutory review is considered appropriate. A ruling "that "conclusively determines a disputed question, resolves an important issue completely separate from the merits of the action, and will be effectively unreviewable on appeal from a final judgment," can be appealed as a "collateral final order." V.R.A.P. 5.1(a)(1); State v. Wetherbee, 2004 VT 101, ¶ 13, 177 Vt. 274. To be unreviewable after a final ruling – the equivalent of having an "inadequate remedy" in APA parlance – the question is whether "the rights asserted would be lost, probably irreparably, if review were delayed until the conclusion of proceedings" below. State v. Lafayette, 148 Vt. 288, 291 (1987), *overruled on other grounds*, In re. J.G., 160 Vt. 250 (1993), quoting In re General Motors Corp. Engine Interchange Litigation, 594 F. 2d 1106, 1119 (7th Cir. 1979).

Here, the Board's ruling meets the first two requirements of the collateral order test: it conclusively determines an issue separate from the merits. However, it fails to satisfy the third requirement: being unreviewable on appeal. Although the Agency argues that the Board ruling

has "jeopardized the Agency's ability to enforce the claims process in its construction contracts" and "led to a formal threat of withdrawal of federal funding" for claims the Board decides de novo, nothing about such issues suggest any irreparable harm between now and when the Board issues its final ruling on the merits. Thus, the court does not find these issues to be unreviewable on appeal of the final Board order. The remedy may come later, but the remedy is not inadequate.

While the Agency is understandably distressed that the Board is, in the Agency's view, usurping the Agency's powers to address the merits of the contract dispute before the Board does, nothing will be permanently lost by delaying court review until after the merits have been heard by the Board. As interesting as the issues in this case are, it is not appropriate for this court to jump into the case until after the final ruling by the Board.

<u>Order</u>

The motion to dismiss is granted.

Dated at Montpelier this 7th day of April, 2014.

_____
Helen M. Toor
Superior Court Judge

6